IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN LEON NEAL,
      Petitioner,

vs.                            Case No. 3:08cv277/RV/EMT

WALTER A. McNEIL,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Now pending is Respondent's motion to dismiss (Doc. 11) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d). Petitioner filed a response in opposition to the motion to dismiss (Doc. 14).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND

The procedural background of this case is undisputed by the parties and established by the state court record (Doc. 11, Exhibits). Following a jury trial in the Circuit Court in and for Escambia County, Florida, Petitioner was found guilty of one count of first degree murder and one count of kidnapping without a firearm (*see* Doc. 11, Ex. B).[1] On February 19, 1996, Petitioner was sentenced to a term of life imprisonment on the murder count and a concurrent term of 101 months of imprisonment on the kidnapping count, with jail credit of 276 days (Doc. 11, Ex. C). Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal ("First DCA"). On May 19, 1997, the First DCA affirmed the judgment of conviction and sentence without written

_____

[1]Although Petitioner was also charged with one count of attempted robbery with a firearm, the jury acquitted him of that charge (Doc. 11, Ex. B).

opinion, with the mandate issuing June 4, 1997 (Doc. 11, Ex. F). Neal v. State, 694 So. 2d 743 (Fla. 1st DCA May 19, 1997) (Table). Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

On July 15, 1998, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 11, Ex. G at 1–7). The trial court summarily denied the motion on March 6, 2000 (Doc. 11, Ex. H). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on December 4, 2000, with the mandate issuing February 5, 2001 (Doc. 11, Ex. K). Neal v. State, 778 So. 2d 286 (Fla. 1st DCA Dec. 4, 2000) (Table).

On April 3, 2001, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Florida (Doc. 11, Ex. L). Petitioner filed a motion to voluntarily dismiss the petition because he failed to exhaust his state court remedies, and the district court granted the motion in an order rendered on June 25, 2001 (id.).

On June 26, 2001, Petitioner filed a second Rule 3.850 motion with the trial court (Doc. 11, Ex. M). The trial court summarily denied the motion as untimely, successive, and procedurally barred (Doc. 11, Ex. N). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on May 28, 2002, with the mandate issuing June 25, 2002 (Doc. 11, Ex. P). Neal v. State, 819 So. 2d 757 (Fla. 1st DCA May 28, 2002) (Table).

On February 4, 2003, Petitioner filed a third Rule 3.850 motion with the trial court (Doc. 11, Ex. Q). The trial court summarily denied the motion as untimely and without merit (Doc. 11, Ex. R). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on May 16, 2003, with the mandate issuing July 14, 2003 (Doc. 11, Ex. S). Neal v. State, 848 So. 2d 313 (Fla. 1st DCA May 16, 2003) (Table).

On November 6, 2003, Petitioner filed a fourth Rule 3.850 motion with the trial court (Doc. 11, Ex. T). The trial court summarily denied the motion as untimely and without merit (Doc. 11, Ex. U). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on May 21, 2004, with the mandate issuing July 15, 2004 (Doc. 11, Ex. W). Neal v. State, 875 So. 2d 1244 (Fla. 1st DCA May 21, 2004) (Table). Petitioner filed a notice to invoke the discretionary jurisdiction of the Florida Supreme Court, but the state supreme court dismissed the petition for lack of jurisdiction on August 23, 2004 (Doc. 11, Ex. X). Neal v. State, 882 So. 2d 385 (Fla. 2004).

On September 26, 2005, Petitioner filed a fifth Rule 3.850 motion with the trial court (Doc. 11, Ex. Y). The trial court dismissed the motion as procedurally barred (Doc. 11, Ex. Z). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written

opinion on August 14, 2006, with the mandate issuing October 17, 2006 (Doc. 11, Ex. CC).  Neal
v. State, 937 So. 2d 1102 (Fla. 1st DCA Aug. 14, 2006) (Table).

On January 4, 2007, Petitioner filed a habeas petition with the trial court (Doc. 11, Ex. DD).
The trial court dismissed the petition as untimely and successive (Doc. 11, Ex. EE).  Petitioner
appealed the decision to the First DCA, and the appellate court affirmed per curiam without written
opinion on November 30, 2007, with the mandate issuing February 19, 2008 (Doc. 11, Ex. GG).
Neal v. State, 973 So. 2d 1130 (Fla. 1st DCA Nov. 30, 2007).  Petitioner sought review of the First
DCA's decision with the Florida Supreme Court, but the state supreme court dismissed the case on
April 22, 2008, on the ground that "relief is not authorized" (Doc. 11, Ex. HH).  Neal v. State, 982
So. 2d 685 (Fla. 2008).

Petitioner filed the instant federal habeas action on June 21, 2008 (Doc. 1 at 6).

II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism
and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which
became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas
petition by a person in custody pursuant to a state court judgment.  The limitation period runs from
the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his
filing existed, that he bases any claims on a right newly recognized by the Supreme Court, or that
the facts supporting his claims could not have been discovered through the exercise of due diligence
before the date his conviction became final.  Thus, the statute of limitations must be measured from
the remaining statutory trigger, which is the date on which his conviction became final.  See 28
U.S.C. § 2244(d)(1).  Petitioner's conviction became final for purposes of the AEDPA on August
17, 1997, ninety (90) days after the appellate court issued its decision affirming his conviction.  See

<u>Chavers v. Secretary, Florida Dept. of Corrections</u>, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate) (citing <u>Bond v. Moore</u>, 309 F.3d 770, 774 (11th Cir. 2002)). Thus, Petitioner's one-year limitations period began to run on August 17, 1997, and expired one year later on August 17, 1998.

Petitioner may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the parties do not dispute that Petitioner filed a tolling post-conviction motion on July 15, 1998, after 331 days of the one-year limitations period had expired. That motion remained pending until February 5, 2001, the date of the First DCA's mandate affirming the trial court's decision. *See* <u>Nyland v. Moore</u>, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).

Petitioner filed his next State post-conviction application on June 26, 2001, which was one hundred forty (140) days after the First DCA's issuance of the mandate on his first post-conviction motion.[2] However, the 365-day federal limitations had already expired by the time he filed the motion (331 days + 140 days = 471 days). Because that motion and Petitioner's subsequent post-conviction applications were filed after the federal limitations period expired, they did not toll the limitations period. *See* <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000). Accordingly, Petitioner's federal petition, filed seven years later on June 21, 2008, was untimely.

In Petitioner's response to the motion to dismiss, he contends his federal petition is not barred from review because his claims demonstrate that the trial court lacked jurisdiction to try, convict, or sentence him (*see* Doc. 14; Doc. 1 at 4–5). Petitioner's jurisdictional claim is essentially the following: the indictment charged him with kidnapping with a firearm; the trial court instructed the jury that the charge was kidnapping and that in order for the State to convict Petitioner the State

---

[2]Petitioner's first § 2254 petition filed in this court on April 3, 2001, did not qualify as a tolling motion for purposes of § 2244(d)(2) because the statutory tolling provision explicitly states that the limitations period is tolled during the time in which a properly filed application for <u>State</u> post-conviction or other collateral review is pending. *See* 28 U.S.C. § 2244(d)(2). Petitioner's § 2254 petition was an application for federal, not State, post-conviction relief.

had to prove the elements of only kidnapping, instead of instructing the jury that Petitioner was charged with kidnapping with a firearm and that the State had to prove that Petitioner used, carried, or possessed a firearm; this erroneous instruction relieved the State of its burden of proof and impermissibly broadened the indictment to include the charge of kidnapping without a firearm, thereby permitting Petitioner to be convicted of a crime for which he was not charged; because Petitioner was not found guilty of kidnapping with a firearm as charged, and the trial court had no jurisdiction to try or convict him for kidnapping without a firearm, Petitioner's convictions for kidnapping and felony murder based upon the underlying kidnapping were void (Doc. 1 at 4–5, Attachment C).

The indictment charged Petitioner as follows, in relevant part:

> COUNT TWO:  The Grand Jurors of the State of Florida, . . . do present that on or about the nineteenth day of May . . . One Thousand, Nine Hundred and Ninety-Five . . . TIMOTHY LAMAR JACKSON, RONNIE MAURICE NEAL, & KEVIN LEON NEAL, did unlawfully and forcibly, secretly or by threat, confine, abduct, or imprison another, to-wit:  Sammie Hale against his will, and without lawful authority, with intent to commit or facilitate commission of any felony, to-wit: Robbery or to inflict bodily harm on or to terrorize Sammie Hale, and during the process thereof,  TIMOTHY LAMAR JACKSON, RONNIE MAURICE NEAL, & KEVIN LEON NEAL, used, carried or possessed a weapon, to-wit:  a firearm, in violation of Sections 787.01(a) and 775.087, Florida Statutes.

(Doc. 11, Ex. A at 1).

The Florida kidnapping statute in effect at the time Petitioner committed the offenses provides as follows:

> 787.01. Kidnapping; kidnapping of child under age 13, aggravating circumstances
>
> (1)(a) The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
> 1.  Hold for ransom or reward or as a shield or hostage.
> 2.  Commit or facilitate commission of any felony.
> 3.  Inflict bodily harm upon or to terrorize the victim or another person.
> 4.  Interfere with the performance of any governmental or political function.
> . . . . .
> (2) A person who kidnaps a person is guilty of a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. §§ 787.01 (1995).

The other statute referenced in Count Two of the indictment provides:

> 775.087.  Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence

> (1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, . . . the felony for which the person is charged shall be reclassified as follows:
> (a) In the case of a felony of the first degree, to a life felony.
> (b) In the case of a felony of the second degree, to a felony of the first degree.
> (c) In the case of a felony of the third degree, to a felony of the second degree.
>
> (2)(a) Any person who is convicted of:
> 1. Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes;
> . . . .
> and who had in his possession a "firearm," as defined in s. 790.001(6), . . . shall be sentenced to a minimum term of imprisonment of 3 calendar years.

Fla. Stat. § 775.087 (1995). It is clear from the statutes that kidnapping with a firearm is not an offense separate from kidnapping; rather, carrying, use, or possession of a firearm during the commission of a kidnapping is a sentence enhancement. Therefore, carrying, use, or possession of a firearm was not an essential element of kidnapping, and the trial court did not err by instructing the jury that Petitioner was charged was kidnapping and that in order for the State to convict Petitioner the State had to prove the elements of only kidnapping, instead of instructing the jury that Petitioner was charged with armed kidnapping with a firearm and that the State had to prove that Petitioner used, carried, or possessed a firearm during commission of the kidnapping.

Furthermore, a comparison of the trial court's instructions to the jury (*see* Doc. 1, attached portion of trial transcript) to the Florida Standard Jury Instructions shows that the trial court's instructions on kidnapping were proper. *See* The Florida Bar 2007 Florida Standard Jury Instructions in Criminal Cases, Fifth Edition, Part Two: Instruction on Crimes, Chapter 9.1 Kidnapping (2007) (instruction adopted in 1985). In light of Petitioner's failure to demonstrate that the trial court erroneously instructed the jury or impermissibly amended the indictment, Petitioner's jurisdictional arguments fail. Accordingly, he has failed to demonstrate that he is entitled to an exception from the time bar on the ground that the trial court allegedly committed jurisdictional error.

III.    CONCLUSION

Based upon the above discussion, the undersigned concludes that Petitioner filed the instant § 2254 petition beyond the one-year statutory limitations period. Furthermore, he has failed to demonstrate that any tolling provisions render his petition timely, or that he is entitled to review under any exception to the time bar. Therefore, Respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (Doc. 11) be **GRANTED**.

2.      That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this 9<u>th</u> day of January 2009.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**